# Defendant details

**Civil action #**

20-C-26 (/business/service-of-process/Home/Search?CivilActionNumber=20-C-26)

**Defendant**

TRIMAC TRANSPORTATION INC. (/business/service-of-process/Home/Search?DefendantName=TRIMAC%20TRANSPORTATION%20INC.)

**Agent**

Corporation Service Company

**Country**

US - UNITED STATES

**County**

Summers

**Service date**

Monday, September 14, 2020

**Certified number**

92148901125134100002765146

**Delivery date**

Thursday, September 17, 2020

**USPS status**

DELIVERED LEFT WITH INDIVIDUAL [details] (/business/service-of-process/Home/USPSStatusDetails/262864)

**City/State/Zip**

Charleston, WV 25302

**Was delivered**

Yes

**Signature image**

View image (/business/service-of-process/Home/ViewImage/de89a471-f1fb-ea11-



EXHIBIT 1

a9a7-00155df3a157)

Please note: USPS requires a signature whenever certified mail is returned to sender. When mail from the Secretary of State is returned, it is processed and signed by the state's central mailing office. If your mail was intended for a private entity (that is, anyone other than a state officer or agency) and the signature below is that of **Adam Robinson, Central Mailing Office, Danny Pauley, Jim Carter, Ronald Kushner or State of West Virginia**, then your mail was *NOT DELIVERED* and will be returned to the clerk of the appropriate court.

Home (http://www.sos.wv.gov/pages/default.aspx) | Contact Us (http://www.sos.wv.gov/Pages/contact-us.aspx) | Site Map (http://www.sos.wv.gov/Pages/sitemap.aspx) | Disclaimer (http://www.sos.wv.gov/Pages/content-disclaimer.aspx)

westvirginia    (http://www.wv.gov)

State Agency Directory (http://www.wv.gov/Pages/agencies.aspx) | Online Services (http://www.wv.gov/Pages/services.aspx)



West Virginia E-Filing Notice

CC-45-2020-C-26
Judge: Robert Irons

To: Trimac Transportation Inc.
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

# NOTICE OF FILING

IN THE CIRCUIT COURT OF SUMMERS COUNTY, WEST VIRGINIA
Dane Rheinschmidt v. Michael David Ferris
CC-45-2020-C-26

The following complaint was FILED on 9/3/2020 4:56:17 PM

Notice Date:   9/3/2020 4:56:17 PM

Stacy Ford
CLERK OF THE CIRCUIT
Summers
120 Ballengee Street
HINTON, WV 25951

(304) 466-7103
stacy.ford@courtswv.gov

# SUMMONS

E-FILED | 9/3/2020 4:56 PM
CC-45-2020-C-26
Summers County Circuit Clerk
Stacy Ford

IN THE CIRCUIT OF SUMMERS WEST VIRGINIA
**Dane Rheinschmidt v. Michael David Ferris**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: Trimac Transportation Inc., Corporation Service Company, 209 West Washington Street, Charleston, WV 25302

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jamison Cooper, 240 W Main St, Bridgeport, WV 26330

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

9/3/2020 4:56:17 PM                    /s/ Stacy Ford
Date                                    Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____          _____
Date                    Server's Signature

# COVER SHEET

E-FILED | 9/3/2020 4:56 PM
CC-45-2020-C-26
Summers County Circuit Clerk
Stacy Ford

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF SUMMERS COUNTY WEST VIRGINIA
**Dane Rheinschmidt v. Michael David Ferris**

| | | | | | |
|---|---|---|---|---|---|
| **First Plaintiff:** | ☐ Business | ☑ Individual | **First Defendant:** | ☐ Business | ☑ Individual |
| | ☐ Government | ☐ Other | | ☐ Government | ☐ Other |

**Judge:** Robert Irons

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Tort

**Origin:**   ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No   **Case will be ready for trial by:** 10/11/2021
**Mediation Requested:** ☑ Yes ☐ No
**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?
 ☐ Wheelchair accessible hearing room and other facilities
 ☐ Interpreter or other auxiliary aid for the hearing impaired
 ☐ Reader or other auxiliary aid for the visually impaired
 ☐ Spokesperson or other auxiliary aid for the speech impaired
 ☐ Other:

☐ I am proceeding without an attorney
☑ I have an attorney: Jamison Cooper, 240 W Main St, Bridgeport, WV 26330

## SERVED PARTIES

**Name:** Michael David Ferris
**Address:** 595 Charles Avenue, Green River WY 82935
**Days to Answer:** 20    **Type of Service:** Plaintiff - Private Process Server

**Name:** Trimac Transportation Inc.
**Address:** Corporation Service Company 209 West Washington Street, Charleston WV 25302
**Days to Answer:** 30    **Type of Service:** Secretary of State - Certified - Including Copy Fee

E-FILED | 9/3/2020 4:56 PM
CC-45-2020-C-26
Summers County Circuit Clerk
Stacy Ford

IN THE CIRCUIT COURT OF SUMMERS COUNTY, WEST VIRGINIA

DANE RHEINSCHMIDT
and DINAH RHEINSCHMIDT,

          Plaintiffs,

vs.                              Civil Action No. 20-C-_____

MICHAEL DAVID FERRIS and
TRIMAC TRANSPORTATION INC., a foreign
corporation authorized to do business in the State of
West Virginia,

          Defendants.

## COMPLAINT

COMES NOW Plaintiff Dane Rheinschmidt and Dinah Rheinschmidt, and states, for their complaint, as follows.

### Parties

1. Plaintiff Dane Rheinschmidt is an individual who resides in Muscle Shoals, Alabama.

2. Plaintiff Dinah Rheinschmidt is an individual who resides in Muscle Shoals, Alabama.

3. Plaintiff Dane Rheinschmidt and Plaintiff Dinah Rheinschmidt are, and at all times relevant to the allegations contained herein were, married to each other.

4. Defendant Michael David Ferris is an individual who, upon information and belief, resides in Green River, Wyoming.

5. Defendant Trimac Transportation, Inc. ("Trimac") is a foreign corporation. At all times relevant hereto, Defendant Trimac was authorized to do business in, and doing business in, the State of West Virginia.

6. At all times relevant hereto, Defendant Michael David Ferris was doing business in the State of West Virginia, acting as the agent, servant or employee of Defendant Trimac and acting within the scope of his employment and/or agency relationship with Defendant Trimac and/or at Defendant Trimac's direction and under its control.

## Jurisdiction and Venue

7. Plaintiffs repeat and reallege the allegations contained in the paragraphs numbered 1 through 6 above as if fully restated herein.

8. Jurisdiction and venue are proper in this Court as Defendant Trimac is a foreign corporation doing business in every county in this State, including Summers County, and the accident forming the basis of this complaint and the causes of action alleged herein occurred in West Virginia.

## Factual Background

9. Plaintiffs repeat and reallege the allegations contained in the paragraphs numbered 1 through 8 above as if fully restated herein.

10. On or about September 5, 2018, Plaintiff Dane Rheinschmidt was operating a tractor trailer on Interstate 64, eastbound, at or near mile marker 145.

11. At the approximate time and date alleged in paragraph 9 above, Plaintiff Dane Rheinschmidt observed that a motor vehicle accident had recently occurred. In order to stop to render aid, Plaintiff Dane Rheinschmidt pulled the tractor trailer that he was operating off of the roadway to the right shoulder as far as possible and turned on his emergency flashers.

12. After rendering assistance, Plaintiff Dane Rheinschmidt returned to his vehicle and entered the driver's seat of the same.

13. Shortly thereafter, and while the Plaintiff Dane Rheinschmidt's tractor trailer remained on the shoulder with its flashers illuminated, a 2016 Freightliner tractor trailer operated by Defendant Michael David Ferris, under Defendant Trimac's DOT number, 0036431, which was traveling in the truck lane of Interstate 64 in an easterly direction struck the rear end of the tractor trailer operated by Plaintiff Dane Rheinschmidt.

14. The collision caused disabling damage to the tractor trailer operated by Plaintiff Dane Rheinschmidt and to the Defendant Trimac tractor trailer operated by Defendant Michael David Ferris.

15. In the operation of the Defendant Trimac tractor trailer as aforesaid, Defendant Michael David Ferris failed to exercise due care; failed to operate the vehicle at a safe speed; failed to keep a proper lookout; failed to keep a proper and safe distance from the vehicle in front of the vehicle that he was operating; failed to move from the truck lane to the open lane to his left; and otherwise violated the standards and laws concerning operation of motor vehicles in the State of West Virginia, all in violation of applicable standards, statutes, ordinances and rules of the road, and all constituting negligence on his part.

16. That the force of the impact between the aforementioned vehicles was so severe as to cause bodily injuries to Plaintiff Dane Rheinschmidt.

### COUNT 1
### (Negligence Against Defendant Michael David Ferris)

17. Plaintiffs repeat and reallege the allegations contained in the paragraphs numbered 1 through 16 above as if fully restated herein.

18. Defendant Michael David Ferris' conduct, as set forth herein, constitutes negligence in the operation of a tractor trailer on the highway, including but not limited to the

following: failed to exercise due care; failed to operate the vehicle at a safe speed; failed to keep a proper lookout; failed to keep a proper and safe distance from the vehicle in front of the vehicle that he was operating; failed to move from the truck lane to the open lane to his left; and otherwise violated the standards and laws concerning operation of motor vehicles in the State of West Virginia, all in violation of applicable standards, statutes, ordinances and rules of the road, and all constituting negligence on his part.

19. Defendant Michael David Ferris' negligent conduct, as described herein, was a direct and proximate cause of the serious personal bodily injuries sustained by Plaintiff Dane Rheinschmidt.

20. As a further direct and proximate result of Defendant Michael David Ferris' negligent conduct, Plaintiff Dane Rheinschmidt has suffered, and will continue to suffer, from pain and suffering, loss of enjoyment of life, aggravation, annoyance, inconvenience, emotional distress and mental anguish, and have incurred, and will continue to incur, medical expenses, lost wages, and other out-of-pocket expenses.

WHEREFORE, Plaintiff Dane Rheinschmidt demands judgment against Defendant Michael David Ferris for all damages that Plaintiff Dane Rheinschmidt has sustained as a result of the negligent conduct of said Defendant, together with pre-judgment and post-judgment interest thereon; for all costs and attorneys' fees incurred in pursuit of this action to which he is entitled by law; and for such other relief as this Court deems proper.

### COUNT 2
### (Negligent Supervision and Entrustment Against Defendant Trimac)

21. Plaintiffs repeat and reallege the allegations contained in the paragraphs numbered 1 through 20 above as if fully restated herein.

22. At all relevant times, Defendant Trimac had a duty to adequately train and supervise Defendant Michael David Ferris in the safe operation of a tractor trailer on the highway.

23. As the operator of a commercial tractor trailer, Defendant Michael David Ferris required adequate training and supervision pertaining to keeping a proper lookout; paying attention to and heeding hazard warnings, including illuminated flashers on other vehicles; making appropriate lane changes; and avoiding striking other vehicles in the roadway.

24. Defendant Trimac breached its duty by failing to adequately train and supervise Defendant Michael David Ferris in the safe operation of a tractor-trailer on the highway.

25. Notwithstanding Defendant Michael David Ferris' inadequate training and supervision, Defendant Trimac knowingly allowed him to operate the tractor-trailer on September 5, 2018.

26. As a result of Defendant Trimac's negligent training and supervision of Defendant Michael David Ferris, he operated the subject tractor trailer in a negligent manner on September 5, 2018, by failing to keep a proper lookout; failing to pay attention to and heed hazard warnings; failing to make appropriate lane changes; failing to avoid striking other vehicles in the roadway; and in other respects.

27. Defendant Trimac knew, or should have known, that Defendant Michael David Ferris was not sufficiently skilled, trained, or supervised for the safe operation of the subject tractor trailer on September 5, 2018.

28. Defendant Trimac's negligent training and supervision of Defendant Michael David Ferris, combined with said Defendant's negligent entrustment of the subject tractor trailer to Defendant Michael David Ferris on September 5, 2018, was a proximate cause of the personal

bodily injuries sustained by Plaintiff Dane Rheinschmidt, requiring past, present and future medical treatment, and causing other injury, damages, losses and harm as indicated in Count 1 above.

WHEREFORE, Plaintiff Dane Rheinschmidt demands judgment against Defendant Trimac for all damages that they have sustained from the subject motor vehicle collision as a result of said defendant's negligent training and supervision of Defendant Michael David Ferris, and said Defendant's negligent entrustment of the subject tractor trailer to Defendant Michael David Ferris on September 5, 2018, together with pre-judgment and post-judgment interest thereon, for all costs and attorney fees incurred in pursuit of this action to which he is entitled by law; and for such other relief as this Court deems proper.

## COUNT 3
### (Loss of Spousal Consortium Claim Against All Defendants)

29. Plaintiffs repeat and reallege the allegations contained in the paragraphs numbered 1 through 28 above as if fully restated herein.

30. At the time of the September 5, 2018, collision at issue in this civil action, Plaintiff Dane Rheinschmidt was married to his wife, Plaintiff Dinah Rheinschmidt.

31. During the course of her marriage with Plaintiff Dane Rheinschmidt, Plaintiff Dinah Rheinschmidt depended on her husband for services, society, and companionship as is customary in a marital relationship.

32. As a direct and proximate result of the serious and personal bodily injuries that Plaintiff Dane Rheinschmidt sustained in the subject motor vehicle accident, he is no longer able to provide the services, society and companionship that once defined his marriage to Plaintiff Dinah Rheinschmidt.

WHEREFORE, Plaintiff Dinah Rheinschmidt demands judgment against Defendants Michael David Ferris and Trimac for all loss of consortium damages she has sustained as a result of the injuries that her husband sustained in the subject collision, together with pre-judgment and post-judgment interest thereon; for all costs and attorney fees incurred in pursuit of this action to which he is entitled by law; and for such other relief as this Court deems proper.

## COUNT 4
### (Vicarious Liability of Defendant Trimac)

33. Plaintiffs repeat and reallege the allegations contained in the paragraphs numbered 1 through 32 above as if fully restated herein.

34. Defendant Michael David Ferris was, at all relevant times, a paid employee and/or agent of Defendant Trimac and was authorized to operate the Defendant Trimac tractor trailer on its behalf.

35. Defendant Trimac had the right to control the work being performed by Defendant Michael David Ferris including setting compensation, determining when the work would begin, determining when the work was to be completed, determining the manner in which the work was to be performed, determining which vehicle would be used for the work, managing the load carried on various trips, and determining what safety precautions and training would be required for the work to be performed.

36. As alleged in Count 1 above, Defendant Michael David Ferris' conduct was negligent, and that negligence was the proximate cause of injuries, harm, damages and loss to Plaintiff Dane Rheinschmidt and Plaintiff Dinah Rheinschmidt.

37. Defendant Trimac is vicariously liable to Plaintiff Dane Rheinschmidt and Plaintiff Dinah Rheinschmidt for the negligent conduct of its employee, servant and/or agent, Defendant Michael David Ferris.

38. Additionally, by virtue of his status as operator of the Defendant Trimac tractor trailer, under Defendant Trimac's DOT number, Defendant Trimac is vicariously liable for the negligence of Defendant Michael David Ferris as alleged hereinabove.

WHEREFORE, Plaintiff Dane Rheinschmidt and Plaintiff Dinah Rheinschmidt demand judgment against Defendant Trimac for all damages that Plaintiff Dane Rheinschmidt and Plaintiff Dinah Rheinschmidt have sustained as a result of the negligent conduct of said Defendants, together with pre-judgment and post-judgment interest thereon; for all costs and attorneys' fees incurred in pursuit of this action to which they are entitled by law; and for such other relief as this Court deems proper.

### Jury Demand

Plaintiffs demand a trial by jury.

*/s/ Jamison H. Cooper*
Daniel C. Cooper (WV Bar No. 5476)
dan.cooper@cooperlawwv.com
Jamison H. Cooper (WV Bar No. 8043)
jami.cooper@cooperlawwv.com
Cooper Law Offices, PLLC
240 West Main Street
Bridgeport, WV 26330
T: (304)842-0505
F: (304) 842-0544
*Counsel for Plaintiffs*